## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY REYNOLDS, # R-10672,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-492-JPG** |
| | ) | |
| **MAJOR DOUGLAS H. LYERLA,** | ) | |
| **OFFICER L. MAUE,** | ) | |
| **OFFICER MACDONOUGH,** | ) | |
| **and MENARD CORRECTIONAL** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 60-year sentence for murder and a 20-year sentence for being an armed habitual criminal. He claims that Defendants beat him and then denied him medical attention for his injuries.

More specifically, Plaintiff states that on June 3, 2012, he was in the dining room when another inmate assaulted an officer (Doc. 1, pp. 6-7). Plaintiff was not involved in that incident. All the prisoners present were placed in handcuffs.

While Plaintiff was handcuffed, Defendant Maue tried to push his head into the dining hall table. Plaintiff called for Defendant Major Lyerla and requested him to ask Defendant Maue to take his hands off Plaintiff's head (Doc. 1, p. 6). Defendant Lyerla responded by telling Defendant Maue and other officers to take Plaintiff outside. On the way out, Defendant Lyerla got in Plaintiff's face, cursed him and used a racial slur. At the door, Defendant Maue tripped

Plaintiff, then he and several other officers including Defendant MacDonough began punching and kicking Plaintiff.  Plaintiff believes that the Defendants "made an example" of him following the assault on the other guard.  He had not offered any resistance, and remained in handcuffs the entire time.  During the attack, Defendants Maue, MacDonough, and the unidentified officers continued to taunt Plaintiff (who is African-American) with racial slurs.  They then took him to North 2 Segregation.

Plaintiff asked his attackers several times for medical attention, but was told to "shut the f**k up" before he got another beating (Doc. 1, p. 6).  He was held in the segregation cell from June 3 until June 12, 2012, without any medical attention.  He told the North 2 - 7 Gallery Officer that he was having bad headaches and neck pains, but this officer told Plaintiff to stop crying, and did nothing to help him.  During that time, Plaintiff was also denied his hygiene products and writing utensils, so he could not communicate with anyone regarding what had happened to him.  After Plaintiff received a call from his attorney on another matter, he filed a grievance over the beating.  He was interviewed by an Internal Affairs officer, who photographed his injuries and showed him pictures so that he might identify the other guards who attacked him.  However, to date he has not been able to find out the names of the other officers involved.

Plaintiff was also given a disciplinary ticket for insolence and disobeying a direct order, based on the incident in the dining room (Doc. 1, pp. 7, 18).  He pled guilty in order to avoid any further injuries or harassment, and was punished with one month in segregation as well as other sanctions.

Plaintiff seeks compensatory and punitive damages for the use of excessive force against him, as well as a transfer to another prison where he would be safe from retaliation from the

Defendants (Doc. 1, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Eighth Amendment claim against Defendants Lyerla, Maue, MacDonough, and other Unknown (John Doe) Correctional Officers[1] for using excessive force against Plaintiff when they kicked and punched him on June 3, 2012;

**Count 2:**  Eighth Amendment claim against Defendants Maue, MacDonough, and other Unknown (John Doe) Correctional Officers for deliberate indifference to Plaintiff's need for medical care for the injuries he sustained in the attack of June 3, 2012.

However, to the extent that Plaintiff may be seeking relief for the denial of hygiene supplies while he was in segregation **(Count 3)** or for any other matters mentioned in the complaint, the pleading fails to state a claim upon which relief may be granted.  Further, he cannot maintain a claim against Defendant Menard Correctional Center.

## Dismissal of Count 3 – Denial of Hygiene Supplies

Plaintiff states that after his initial placement in the segregation cell by Defendants Maue, MacDonough, and the other officers who beat him, he spent approximately 15 days without his personal hygiene products (Doc. 1, pp. 6, 12).  However, he never elaborates on what particular items were withheld from him, nor does he identify any officer who may have been responsible

---

[1] The Clerk shall be directed to add Defendant Unknown (John Doe) Correctional Officers to this action. If and when Plaintiff is able to identify these other individuals by name, he must submit an amended complaint in order to proceed with his claims against them.

for denying Plaintiff the hygiene items.  He thus fails to state a claim for having been subjected to unconstitutional conditions of confinement.

Not all prison conditions trigger Eighth Amendment scrutiny – only serious deprivations of basic human needs such as food, medical care, sanitation, or physical safety.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  A lengthy deprivation of essential items such as toilet paper, toothpaste/toothbrush, and soap, that leaves an inmate unable to care for his most fundamental needs and puts his health in jeopardy, may rise to the level of a constitutional harm.  On the other hand, prisoners do not have a constitutional right to own their preferred hygiene items or cosmetics.  *See Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (denial of toilet paper for five days, and lack of soap, toothbrush, and toothpaste for ten days, was unpleasant but did not violate the Constitution).

Plaintiff's complaint is devoid of facts that would indicate he suffered a serious deprivation of essential hygiene items that would have endangered his health.  For this reason, Count 3 shall be dismissed without prejudice.

**<u>Dismissal of Defendant Menard Correctional Center</u>**

State government agencies such as the Illinois Department of Corrections ("IDOC") and the individual prisons administered by the IDOC may not be sued in a civil rights action seeking damages.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit

by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same).  Likewise, Defendant Menard Correctional Center, which is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.

Even if Plaintiff had named a prison administrator such as the Menard warden as a defendant, he would have fared no better.  There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

For these reasons, Defendant Menard Correctional Center shall be dismissed from this action with prejudice.

**Disciplinary Report and Denial of Writing Material**

Although Plaintiff mentions the fact that he was charged with a disciplinary infraction, pled guilty, and was punished with one month in segregation, he has not asserted any claim for relief based on those facts.  Similarly, it does not appear that Plaintiff intended to pursue a claim for the denial of writing materials during the early part of his time in segregation.  Furthermore, neither incident rises to the level of a constitutional deprivation.  The short duration of Plaintiff's disciplinary segregation in the context of his lengthy sentence does not give rise to any due process concerns.  *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). While the deprivation of access to legal materials and supplies might lead to a claim for denial of access to the courts, in Plaintiff's case, the short-term denial of writing materials has not hindered him from bringing this suit or pursuing any other legal claim.  *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (access-to-courts claim will not lie in the absence of actual

prejudice to a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement).

For the reasons above, any claim which Plaintiff may have intended to bring based on the disciplinary report is **DISMISSED** with prejudice.  Likewise, any claim for the denial of writing materials during Plaintiff's segregation is **DISMISSED** without prejudice.

## **Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

## **Disposition**

The Clerk is **DIRECTED** to add the following party Defendant to this action:

**UNKNOWN (JOHN DOE) CORRECTIONAL OFFICERS.**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **MENARD CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **LYERLA, MAUE,** and **MACDONOUGH**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties*

*consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2014**

*s/J. Phil Gilbert*
United States District Judge