# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY REYNOLDS, R10672, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00492-RJD |
| ) | |
| DOUGLAS LYERLA, ) | |
| CEDRIC McDONOUGH and ) | |
| LUCAS MAUE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion in Limine (Doc. 72) and Defendants' Motion in Limine (Doc. 73). Each will be addressed in turn.

### A. Plaintiff's Motion in Limine

Plaintiff seeks to exclude five categories of evidence.

#### a. Plaintiff's Motion to Exclude Plaintiff's Prior Convictions.

Plaintiff seeks to exclude any of his previous criminal record, including his prior convictions of unlawful use of a weapon by a felon, armed habitual criminal, aggravated unlawful use of a weapon and murder. Defendants object to Plaintiff's motion, arguing that Plaintiff is currently serving a 20 year sentence for being an armed habitual criminal and a 60 year sentence for murder with intent to kill/injure. Defendants argue that those convictions are admissible under FRE 609(b) and are not unfairly prejudicial under FRE 403.

Plaintiff's motion is granted in part and denied in part. Defendants may introduce evidence that Plaintiff is incarcerated at Menard Correctional Center, an Illinois Department of Corrections Prison, for an extended period of time. The probative value of any additional

1

information regarding Plaintiff's criminal convictions is substantially outweighed by the danger that it would be unfairly prejudicial. Defendants are therefore prohibited from introducing evidence regarding Plaintiff's specific convictions or the nature of the criminal offenses.

    **b. Plaintiff's Motion to Exclude Plaintiff's Witnesses Prior Convictions.**

Similarly, Plaintiff seeks to exclude evidence of prior convictions of Plaintiff's witnesses at trial. Defendants oppose Plaintiff's motion, noting that Plaintiff's witnesses (Christopher Scott, R31806, and Lemar Moore, R11046) are both currently incarcerated with IDOC. Scott is serving time for murder, armed robbery and residential burglary. Moore is serving time for murder.

Plaintiff's motion is granted in part and denied in part. Defendants may introduce evidence that Plaintiff's witnesses are incarcerated with the Illinois Department of Corrections for an extended period of time. The probative value of any additional information regarding their criminal convictions is substantially outweighed by the danger that it would be unfairly prejudicial. Defendants are therefore prohibited from introducing evidence regarding Plaintiff's witnesses' specific convictions or the nature of the criminal offenses.

    **c. Plaintiff's Motion to Exclude Medical Records Not Relevant to the Excessive Force and Deliberate Indifference Claims.**

Plaintiff seeks to exclude evidence consisting of Plaintiff's medical records that are not relevant to the excessive force used by Defendants on June 2, 2012, and the deliberate indifference to Plaintiff's medical condition subsequent to that date. Defendants ask the Court to reserve ruling on this issue, noting that Plaintiff has not specifically identified which medical records are (and are not) relevant to Plaintiff's claims in this lawsuit. The Court agrees with Defendants and will reserve ruling on this issue. Parties should be prepared to discuss this

motion at the final pretrial conference.

### d. Motion to Bar Any Witnesses Not Previously Disclosed.

Defendants do not oppose this motion. However, Defendants state that they seek to bar Plaintiff's witness Lemar Moore from testifying at trial. Defendants assert that Moore was first disclosed as a witness in Plaintiff's Rule 26(a)(3)(A) pretrial disclosures (*see* Doc. 75). The Court will reserve ruling on this issue. Parties should be prepared to discuss this motion at the final pretrial conference.

### e. Motion to Bar Reference to Plaintiff Not Receiving Medical Care After the June 3, 2012 Incident Because He Did Not Want to Pay the Co-Pay for Treatment.

Plaintiff seeks to bar reference to any testimony that he did not receive medical care after the June 3, 2012 incident because he did not want to provide the $5 co-pay. It is not unconstitutional to require inmates to submit a co-pay for prison medical services, so long as the inmate has the ability to pay. *See Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Whether Plaintiff decided to go without medical treatment because he did not want to provide the co-pay may be probative as to Plaintiff's damages and credibility. Plaintiff's motion is denied.

## B. Defendants' Motion in Limine

Defendants seek to exclude six categories of evidence.

### a. Motion to Exclude Evidence or Testimony, or Otherwise Suggesting, that the State of Illinois May Indemnify Defendants.

Plaintiff has no objection to this motion in limine. It is therefore granted.

### b. Motion to Exclude Evidence or Testimony of other lawsuits involving any of the Defendants.

Plaintiff has no objection to this motion in limine. It is therefore granted.

### c. Motion to Exclude Evidence or Testimony Regarding An Alleged Conversation with Former Internal Affairs Officer Lashbrook and the Absence of an Internal Investigation.

The Court will reserve ruling on this motion. Parties should be prepared to address the motion at the final pretrial conference.

### d. Motion to Prohibit Plaintiff from making any "Golden Rule" appeal

Plaintiff has no objection to this motion in limine. It is therefore granted.

### e. Motion to Prohibit Plaintiff and his Witnesses from Testifying at Trial Regarding the Causation of any Medical or Mental Health Condition.

Defendants assert that "[e]xpert testimony is necessary to explain the complex nature of any relationship between Defendants' alleged actions and the causation of any medical or mental health condition." Defendants therefore argue that "any uninformed opinions or lay accounts proffered by [Plaintiff] regarding the causation of any medical conditions should be barred."

Defendants' motion is granted in part and denied in part. Plaintiff and his witnesses may testify as to their own personal experiences and observations, but Plaintiff and witnesses shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

**f.  Motion to Prohibit Plaintiff from Offering Evidence or Testimony of any Misconduct, Reprimand, or Grievance and Responses Submitted Against Defendants**

Plaintiff has no objection to this motion in limine.  It is therefore granted.

**IT IS SO ORDERED.**
**DATED: October 25, 2017.**

>  **s/ *Reona J. Daly*** 
>  **REONA J. DALY**
>  **UNITED STATES MAGISTRATE JUDGE**