# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY REYNOLDS, R10672,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     <u>Case No. 3:14-cv-00492-RJD</u> |
| | ) |
| **DOUGLAS LYERLA,** | ) |
| **CEDRIC McDONOUGH and** | ) |
| **LUCAS MAUE,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

**DALY, Magistrate Judge:**

Before the Court are several remaining motions in limine, along with Plaintiff's Motion to Appear in Civilian Clothes and Without Restraints (Doc. 97). Each will be addressed in turn.

Plaintiff's last remaining motion in limine is a request to exclude his medical records not relevant to the claims in this lawsuit. Plaintiff's motion is granted in part and denied in part. Defendants shall be prohibited from introducing any reference to "Psych Notes," but the Defendants may otherwise introduce Plaintiff's other records.

Defendants seek to exclude Plaintiff's witness Lamar Moore from testifying at trial, arguing that he was disclosed after the deadline to complete discovery ended. Plaintiff admits disclosing the witness after the close of discovery (in June 2017), but Plaintiff argues that the parties were conducting discovery after the discovery deadline period. Defendants' motion in limine shall be granted. The Court agrees with the Defendants in that Lamar Moore was not timely disclosed. Plaintiff filed this action on April 29, 2014, and the witness was disclosed over three years later. Because he was not timely disclosed, Plaintiff shall be prohibited from introducing Moore as a witness.

1

Defendants also seek to exclude any evidence Plaintiff may introduce as to whether a Menard Correctional Center internal affairs investigation took place following the alleged excessive force incident, or alternatively, the lack of such an investigation. Defendants argue that such evidence would be unfairly prejudicial because they had no control over whether an investigation would occur, and the lack of an investigation may suggest the possibility that Menard employees purposefully ignored Plaintiff's excessive force allegations. Defendants' motion is denied. Plaintiff may introduce evidence addressing whether an internal affairs investigation did or did not occur. Although Defendants argue that such evidence would be unfairly prejudicial, the Defendants are free to testify that they had no involvement in the decision whether to conduct an internal affairs investigation.

At the final pretrial conference, Defendants also sought to exclude Plaintiff's witness Angela Grott. Grott was a corrections counselor at Menard Correctional Center during the events at issue in this lawsuit. Defendants' objection to Plaintiff introducing Grott as a witness is overruled. Plaintiff may introduce Grott as a witness. Plaintiff shall be permitted to elicit testimony from Grott regarding any interactions she may have had with Plaintiff during the events at issue in this lawsuit, and any grievances she may have received from Plaintiff. Plaintiff may also testify as to any grievances he provided to Grott.

However, Plaintiff's specific grievances and correspondence regarding submitted grievances constitute inadmissible hearsay. Plaintiff shall therefore be prohibited from introducing the exhibits at trial.

Plaintiff's Motion to Appear in Civilian Clothes and Without Restraints (Doc. 97) is granted in part and denied in part. The Illinois Department of Corrections shall accommodate Plaintiff's request to appear at trial in civilian clothes. Plaintiff shall also be present in front of

the jury without handcuffs.  However, Plaintiff may have his legs shackled during the course of the trial.  The leg shackles will be obstructed from the view of the jury.

**IT IS SO ORDERED.**

**DATED: November 21, 2017.**

*s/ Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**
