IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY REYNOLDS,            )
                             )
    Plaintiff,               )
                             )
    v.                       )    Case No. 3:14-cv-492-RJD
                             )
MAJOR DOUGLAS H. LYERLA, et al., )
                             )
    Defendants.              )

**ORDER**

**DALY, Magistrate Judge:**

### INTRODUCTION

Plaintiff Anthony Reynolds, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff proceeded to trial on a claim of excessive force against Defendants Lucas Maue, Cedrick McDonough, and Douglas Lyerla. On May 22, 2018, the Court entered final judgment in this matter in favor of Defendants following a jury trial before the undersigned (*See* Doc. 132).

On June 7, 2018, Plaintiff filed a motion for relief from judgment and for a new trial (Doc. 138). This motion is now before the Court. For the reasons set forth below, the motion is **DENIED**.

### RELEVANT BACKGROUND

Plaintiff brings his motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Plaintiff asks the Court for relief from judgment and a new trial, citing issues with the jury and Defendants' testimony, which he posits was contradictory. More specifically,

Plaintiff complains that the selected jurors, as well as the entire jury venire, were Caucasian, while he is African American. He also notes that some jurors made comments that were "pro officer" during *voir dire*, and that these statements tainted the jury pool. Plaintiff points to one juror who indicated she could not rule against the officers, but, on further questioning by the undersigned, changed her mind. It is not clear whether this juror was ultimately empaneled. Plaintiff posits that as an African American bringing a claim against Caucasian correctional officers with an entirely Caucasian jury, a number of facts were disregarded in the jury's final decision.

With regard to the factual evidence, Plaintiff contends that the defendant officers provided conflicting testimony. In particular, Plaintiff asserts that Defendant Lyerla lied, testifying that there is a gun tower outside the chow hall when the tower is in the chow hall. Plaintiff also asserts that Defendant Lyerla's testimony that Plaintiff was handcuffed outside contradicted the testimony of the other Defendants who testified he was handcuffed inside. Finally, Plaintiff complains that counselor Angela Grott was not called to testify because she could have provided testimony concerning the handling of a grievance and internal affairs investigation.

Defendants object to Plaintiff's motion asserting Plaintiff failed to state any facts which would entitle him to a new trial or relief from judgment under the Federal Rules (Doc. 149). First, Defendants assert that Plaintiff is not entitled to a jury composed of members of his race and argue that Plaintiff did not challenge the process by which the jurors were chosen and there is no evidence to demonstrate that African-American individuals were systemically and intentionally excluded from the venire. Defendants also contend that all the jurors selected gave unequivocal assurances that they could be fair and Plaintiff had the opportunity to strike three jurors from the venire and did not request any additional strikes.

Defendants also categorically deny that they offered any perjured testimony, and further

assert that Plaintiff was present and represented at trial and had the opportunity to challenge any testimony. Defendants also note that Plaintiff had the opportunity at trial to testify about his interactions with Counselor Grott.

**LEGAL STANDARDS**

Rule 59 allows the Court to grant a new trial on all or some of the issues, for any reasons for which a new trial has been granted in federal court. FED. R. CIV. P. 59(a)(1)(A). "In ruling on a motion for a new trial under Rule 59(a), the Court must determine whether the jury verdict was against the weight of the evidence or if the trial was unfair to the moving party." *Purtell v. Mason*, No. 04 C 7005, 2006 WL 2037254, at 3 (N.D. Ill. July 18, 2006) (citing *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004)).

In deciding whether a new trial is appropriate on fairness grounds, the Court must be guided by the principle that "civil litigants are entitled to a fair trial, not a perfect one," and "a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties." *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993).

Further, Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly

discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

### DISCUSSION

**1. Jury Selection Issues**

Plaintiff suggests issues with the composition of the jury (and the venire) in this case given their race and statements made during *voir dire*. The Supreme Court has held that a defendant is not entitled to a jury composed of members of his race. *Nehan v. J.B. Hunt Transp., Inc.*, 179 F.

App'x 954, 956 (7th Cir. 2006) (citing *Batson v. Kentucky*, 476 U.S. 79, 85 (1986)). Moreover, the Seventh Circuit Court of Appeals has remarked that "the makeup of any given venire is not significant, provided all rules for selection have been observed." *United States v. Duff*, 76 F.3d 122, 125 (7th Cir. 1996). If Plaintiff believed his due process rights were violated in this instance, he could have challenged any discriminatory use of peremptory challenges by Defendants during *voir dire* or he could have pursued a statutory challenge to the composition of his jury under the Jury Selection and Service Act, *see* 28 U.S.C. § 1861 *et seq.*, but he did not. *See Nehan*, 179 F. App'x at 956. Plaintiff made no indication during trial that he found the composition of the jury or any statements made during *voir dire* to be problematic. Plaintiff also did not request any additional strikes beyond the three peremptory strikes allowed by the undersigned to remove any jurors. For these reasons, the Court finds no basis for a new trial or relief from judgment due to the composition and selection of the jury.

2. **Defendants' Testimony**

Plaintiff contends a new trial or relief from judgment is also warranted because Defendant Lyerla lied during his testimony and contradicted the testimony of the other two defendants on at least one occasion. Specifically, Plaintiff takes issue with Lyerla's testimony concerning the location of a guard tower and his description of where Plaintiff was located when he was handcuffed. As to the issue concerning the guard tower, the Court finds it is not relevant to Plaintiff's claims and is clearly not an appropriate basis for a new trial or relief from judgment under Rules 59 or 60. The inconsistency of Lyerla's testimony appears to be an ordinary inconsistency that appears when a witness's memory or nerves fail them. Moreover, it was fair game for cross-examination at trial. Because Rule 59 and 60 do not allow for a new trial or relief from judgment for raising arguments that could have been made at trial, Plaintiff's motion is denied

on this basis.

   3. **Counselor Angela Grott**

Plaintiff complains that counselor Angela Grott was not called to testify and she could have provided testimony concerning her handling of Plaintiff's grievance and an internal affairs investigation. First, the Court notes that Defendants' objection to Plaintiff calling Angela Grott to testify was overruled and Plaintiff was allowed to call Grott as a witness. However, prior to trial in this matter, Plaintiff, through counsel, agreed that in lieu of Grott's testimony, the following uncontroverted fact would be read to the jury: "Menard Correctional Center has no records, including documentation or photographs, of an investigation by its Internal Affairs Department regarding the alleged assault of Anthony Reynolds on June 3, 2012" (*see* Doc. 121 at 2). Because Plaintiff had an opportunity to call Grott to testify, but chose not to, there is no basis to grant Plaintiff's motion. Further, the Court notes Plaintiff's complaints concerning statements made about the lack of an internal affairs investigation in Defendants' counsel's closing arguments. First, the Court notes that counsel acted appropriately as attorneys may suggest inferences based on the evidence. Moreover, the jury was instructed that the lawyers' opening statements and closing arguments were not to be considered as evidence (*see* Doc. 128 at 5). Finally, Plaintiff fails to articulate how this issue establishes a manifest error in law or fact to warrant a new trial or relief from judgment. For these reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 19, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**