IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  14-cv-492-RJD |
| ) | |
| MAJOR DOUGLAS H. LYERLA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Anthony Reynolds is an inmate in the custody of the Illinois Department of Corrections. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. His claims were tried before a jury in May 2018, and the jury found in favor of Defendants. Judgment was entered on May 22, 2018.

Now pending before the Court is the Bill of Costs filed by Defendants (Doc. 136). Defendants seek to have Plaintiff pay $497.35 for deposition transcripts used in defending the case. Plaintiff filed an objection asking that the Court deny Defendants' costs based on his indigency. More specifically, Plaintiff asserts he was granted leave to proceed in this action *in forma pauperis*, and that his financial position has not changed since he was granted such status. Plaintiff asserts he only receives $10.00 per month in state pay, and does not have a job at his institution. Plaintiff also indicates he is unsure when or if his family will send him money. Plaintiff represents that he has only $107.50 in his trust fund account at his institution. Plaintiff explains he is unable to provide a copy of his recent trust fund statements as his requests for the same have been ignored. Plaintiff has attached the requests for the same to his objection.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.* To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 5). However, despite his *pauper* status, Plaintiff attests that he has approximately $107.50 in his trust fund account. Plaintiff also receives funds from his family periodically, and state pay. Based on a review of

Plaintiff's evidence, the Court cannot find that Plaintiff is wholly incapable of paying court-imposed costs in this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $21.50. This amount represents 20% of Plaintiff's trust fund account balance at the time his objection was filed, and is consistent with the Court's approach for its collection of filing fees under 28 U.S.C. § 1915(b)(1). The Court **ORDERS** an award of costs in the total amount of $21.50 to Defendants.

**IT IS SO ORDERED.**

**DATED: April 16, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**